**No. 60353.**—Roy A. Parsons *v.* United States, protest 291296–K (Portland, Oreg.).

Opinion by MOLLISON, J. In accordance with oral stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59620, the claim of the plaintiff was sustained.

**No. 60354.**—Bernstein & Skolnick, Inc., and Leading Forwarders, Inc., et al. *v.* United States, protests 181015–K, etc. (New York).

Opinion by WILSON, J. It was stipulated that the items marked "A," "B," "C," and "D" are neither appropriate nor suitable for the purpose of ornamentation to which artificial flowers may be temporarily devoted and that the merchandise consists of articles the same in all material respects, except for the component material of chief value, as those the subject of Abstract 57673. In accordance with stipulation of counsel and following the cited authority, the merchandise was held dutiable as follows: (1) The items marked "A" at 20 percent under the provision in paragraph 1023, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), for articles, composed wholly or in chief value of vegetable fiber, other than cotton; (2) the items marked "B" at 45 percent under the provision in paragraph 1529 (a), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), for articles, composed wholly or in chief value of yarns, threads, or filaments; (3) the items marked "C" at 12½ percent under the provision in paragraph 1537 (a), as modified by T. D. 51802, for articles, composed wholly or in chief value of palm leaf, other than raffia; and (4) the items marked "D" at 25 percent under paragraph 1537 (a) as articles, composed wholly or in chief value of straw.